IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM M. LUCAS**                                                              **PLAINTIFF**
**#0034265**

V.                         NO. 3:22-cv-00050-JM-ERE

**ROBERT CASE,** *et al*.                                                  **DEFENDANTS**

## ORDER

Plaintiff William M. Lucas has filed two motions in this civil rights lawsuit brought under 42 U.S.C. § 1983: (1) a motion for the appointment of counsel; and (2) a motion for default judgment against Defendant Robert Case. *Docs. 28, 29*. For the reasons stated below, the motions are denied.

**I.**     **Motion for the Appointment of Counsel:**

Mr. Lucas asks the Court to reconsider its previous order denying his motion for counsel. See *Doc. 13* (Order filed 3/24/22). He explains that: (1) ADC officials have failed to collect his monthly payments as directed by the Court in its Initial Order (*Doc. 4*); (2) ADC officials have failed to respond to his discovery requests; and (3) he may need an expert witness appointed to assist him in this case. The Court will address each of Mr. Lucas' concerns separately.

First, it is not Mr. Lucas' responsibility to ensure that ADC officials are collecting his monthly payments. At this time, Mr. Lucas has been allowed to proceed in this lawsuit *in forma pauperis* (IFP). *Doc. 10*. The Court will not revoke

Mr. Lucas' IFP status based on ADC officials' failure to monitor Mr. Lucas' inmate trust account.

Second, Defendants Burns and Quinn have not yet been served with Mr. Lucas' complaints. Accordingly, it is premature for Mr. Lucas to seek any discovery. Once all Defendants have responded to Mr. Lucas' complaint, the Court will issue its first Scheduling Order staying discovery until the issue of exhaustion has been resolved. Furthermore, as the Court previously explained, it is not necessary that Mr. Lucas file any discovery or documents in this case, unless specifically requested by the Court. See *Doc. 4* (Initial Order filed 3/2/22).

Third, if the Court later determines that Mr. Lucas is entitled to an expert witness, the Court will determine at that time whether counsel should be appointed.

None of these new concerns raised by Mr. Lucas alter the Court's earlier assessment and decision to decline to appoint counsel for Mr. Lucas.

## II.     **Motion for Default Judgment:**

Mr. Lucas requests that the Court enter a default judgment against Defendant Robert Case based on his alleged failure to respond to the summons, complaint, or addendum to the complaint within 20 days of March 29, 2022, the date that he was

served. *Doc. 29*. However, on April 12, 2022, Defendant Case timely filed his answer to Mr. Lucas's complaint.¹ *Doc. 16*.

Thus, Mr. Lucas's motion for default judgment has no merit.

IT IS THEREFORE ORDERED THAT:

1.  Mr. Lucas' motion for the appointment of counsel (*Doc. 28*) is DENIED, without prejudice, for reasons previously stated (*Docs. 4, 13*) and for the reasons stated in this Order.

2.  Mr. Lucas's motion for the entry of a default judgment against Defendant Robert Case (*Doc. 29*) is DENIED.

Dated this 24th day of May, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

¹ See Doc. 18 (return of summons). According to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must file an answer within 21 days of being served with the summons and complaint.