# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**WILLIAM M. LUCAS**  **PLAINTIFF**
**#0034265**

V.  NO. 3:22-cv-00050-JM-ERE

**ROBERT CASE,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff William M. Lucas, an inmate at the Greene County Detention Facility ("Detention Facility"), has filed two motions in this civil rights lawsuit brought under 42 U.S.C. § 1983: (1) a motion to amend his complaint; and (2) a motion for an extension of time to respond to Defendant Robert Case's answer. *Docs. 32, 33*. The Court will address each motion separately.

**I.  Motion to Amend Complaint:**

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, which should be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). This standard, while liberal, does not give parties "an absolute right to amend their pleadings." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The Court may appropriately deny a motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

the non-moving party, or futility of the amendment." *Id*. (quoting *Moses.com Sec. Inv. v. Comprehensive Software Sys., Inc*., 406 F.3d 1052, 1065 (8th Cir. 2005)).

In his proposed amended complaint, Mr. Lucas complains that: (1) on February 27, 2022, Detention Facility officers assigned him to segregation after he refused to be housed with a sex offender; (2) on March 1, 2022, he began seizing and vomiting; and (3) on March 7, 2022, he attempted to commit suicide after Defendants failed to provide him mental health treatment. While the Court is concerned about Mr. Lucas' mental health needs, it would be futile to allow Mr. Lucas to amend his complaint to add these claims.

First, Mr. Lucas' allegation that Detention Facility officers assigned him to segregation after he refused to be housed with a sex offender is not related to the medical deliberate-indifference claim that he is proceeding on in this lawsuit. Mr. Lucas cannot bring claims against multiple defendants in a single lawsuit unless the claims arise out of the same transaction or occurrence. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," *and* involve "any question of law or fact common to all defendants").

Second, the other claims raised by Mr. Lucas in his proposed amended complaint took place after February 28, 2022, the date that he filed his complaint in this case. As a result, none of those claims could have been exhausted before he filed

2

this lawsuit. Thus, such claims, if added, would be subject to dismissal for failure to exhaust his administrative remedies.[1] Thus, it would be futile to allow Mr. Lucas to add these new claims.

## II. Motion for Extension of Time:

In his motion for extension of time, Mr. Lucas requests additional time to respond to Defendant Robert Case's answer (*Doc. 16*). He explains that he did not receive a copy of Defendant Case's answer until May 20, 2022. Although Mr. Lucas is not required to respond to Defendant Case's answer, the Court will allow him the opportunity to do so.

IT IS THEREFORE ORDERED THAT:

1. Mr. Lucas' motion to amend (*Doc. 32*) is DENIED.[2]

2. Mr. Lucas' motion for extension of time (*Doc. 33*) is GRANTED. Mr. Lucas' response to Defendant Case's answer is due by June 20, 2022.

---

[1] See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, It 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

[2] Motions to amend are nondispositive pretrial motions, appropriately decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). See *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n. 9 (8th Cir. 2005) (designating magistrate judge's denial of motion to amend as an "order denying [a] nondispositive pretrial motion"); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) (citing *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005)).

Dated this 27th day of May, 2022.

                                       _____
                                       UNITED STATES MAGISTRATE JUDGE